UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60861-CIV-COHN/SELTZER

MARIO ZERON, MIGUEL ZERON,
JUAN RAMON DIAZ MEMBRENO,
LUIS MACHADO, JESUS SANCHEZ,
and EDWIN ELDOVIN CRUZ GUZMAN,

    Plaintiffs,

vs.

C&C DRYWALL CORPORATION, INC.,
a Florida corporation; and CARLOS CERRATO,
individually, and MARK STEFFAN GROUP, INC.,
a Florida corporation, and MARK J. PARELLO,
individually,

    Defendants.
_____/

## ORDER GRANTING IN PART MOTION TO STRIKE AFFIRMATIVE DEFENSES

THIS CAUSE is before the Court on Plaintiffs' Motion to Strike Affirmative Defenses ("Motion") [DE 14]. The Court has carefully considered the Motion, Defendants' Response [DE 15], and Plaintiffs' Reply [DE 16], and is otherwise fully advised in the premises. This motion became ripe on July 14, 2009.

### I. BACKGROUND

Plaintiffs filed this action against their employers, C&C Drywall Corporation, Inc. ("C&C"), Carlos Cerrato (officer/director of C&C), Mark Steffan Group, Inc. ("MSG"), and Mark J. Parello (officer/director of MSG) (collectively "Defendants"), to recover money damages for unpaid overtime and straight wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Defendants C & C and Carlos Cerrato (hereinafter "Defendants") filed an Answer to the Complaint, including seven affirmative defenses

[DE 7]. Plaintiffs moved to strike affirmative defenses one through five, and also moved to strike Defendants' "wherefore clause," which requested that the Court reserve jurisdiction to hear a timely filed motion by Defendants for attorney's fees [DE 14]. Plaintiffs contend that the affirmative defenses are legally deficient or otherwise insufficient for failure to give Plaintiffs fair notice. In opposition to the Motion, Defendants have withdrawn their Second Affirmative Defense, and request leave to amend their Third Affirmative Defense [DE 15].

## II.  DISCUSSION

### A.  Motion to Strike Standard

A court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "[a] motion to strike is a drastic remedy, which is disfavored by the courts." Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (internal quotations omitted). Accordingly, motions to strike are usually "denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Falzarano v. Retail Brand Alliance, Inc. No. 07-81069-CIV, 2008 U.S. Dist. LEXIS 25358, at *1 (S.D. Fla. Mar. 31, 2008) (citations and internal quotations omitted). An affirmative defense will be stricken only if it is insufficient as a matter of law. See Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976). "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." Id. (citations omitted). An affirmative defense is one that admits to the complaint, but avoids liability,

wholly or partly, by new allegations of excuse, justification or other negating matters. Royal Palm Sav. Ass'n. v. Pine Trace Corp., 716 F. Supp. 1416, 1420 (M.D. Fla. 1989).

Affirmative defenses are also subject to the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(b)(1)(A) requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed R. Civ. P. 8(b)(1)(A).  Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553 (2007).

### B. First Affirmative Defense

As its First Affirmative Defense, Defendants state:

> Plaintiffs fail to state a cause of action under FLSA because Plaintiffs are not "employees" of Defendants as defined under FLSA.  In fact, [Mario Zeron] was a subcontractor to C&C and the remaining Plaintiffs were employees of [Mario Zeron].

Answer, ¶ 383.  Plaintiffs contend that this affirmative defense should be stricken on two independent grounds: (1) the affirmative defense is simply a denial of the allegations that are contained in Plaintiffs' Complaint, and (2) the alleged facts fail to give Plaintiffs sufficient notice as to how Plaintiffs were not employees within the meaning of the FLSA.  In response, Defendants assert that: (1) the affirmative defense is not simply a denial of the allegations in that it gives "fair notice" as to what they intend to prove, and (2) the allegations meet the general pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

Upon review, the Court finds that the first affirmative defense is not an affirmative defense. Rather, it is a denial, as it alleges only a defect in Plaintiff's *prima facie* case. See In re Rawson Food Service, Inc., 846 F.2d 1343, 1349 (11th Cir. 1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."). However, when a party incorrectly labels a "negative averment as an affirmative defense rather than as a specific denial[,] . . . the proper remedy is not [sic] strike the claim, but rather to treat is [sic] as a specific denial." Home Mgmt. Solutions, Inc. v. Prescient, Inc., No. 07-20608-CIV, 2007 U.S. Dist. LEXIS 61608, at *3 (S.D. Fla. Aug. 21, 2007) (internal quotations and citations omitted).

The assertion that Plaintiffs are not employees of Defendants does not state a fact that would absolve Defendants of liability assuming that Plaintiffs' allegations are true. Without more, the assertion is tantamount to a general denial of an element of Plaintiffs' prima facie case. The Court therefore grants Plaintiffs' motion to strike Defendants' First Affirmative Defense, but will treat the defense as a denial.

### C. Second Affirmative Defense

Defendants have withdrawn their Second Affirmative Defense. Accordingly, the Court will deny as moot Plaintiffs' motion to strike this defense.

### D. Third Affirmative Defense

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading with the court's leave, and the court "should freely give leave when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962). The request for leave to amend in the present case would not be prejudicial to Plaintiffs, is made in good faith, and

would not be futile.  As such, the Court will grant Plaintiffs' motion to strike this defense, with leave to Defendants to amend its Third Affirmative Defense.

### E. Fourth Affirmative Defense

As its Fourth Affirmative Defense, Defendants state:

> Plaintiffs' claims for liquidated damages are barred because Defendants at all times material hereto acted in good faith and had reasonable grounds for believing that C&C's policies and practices were not in violation of the FLSA.

Answer, ¶ 386.  Plaintiffs contend that this affirmative defense should be stricken because it simply denies the allegations that are contained in Plaintiffs' Complaint.  In response, Defendants assert that: (1) the affirmative defense is not simply a denial of the allegations in that it gives "fair notice" as to what they intend to prove, and (2) the allegations meet the general pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

The FLSA, 29 U.S.C. § 216(d), allows the court either to elect not to award liquidated damages or to award less than the full double damages when the employer is able to demonstrate that it acted in good faith.  "The good faith defense may serve to reduce damages even if everything alleged in the Complaint is true." Curry v. High Springs Family Practice Clinic and Diagnosis Ctr. Inc., 2008 U.S. Dist. LEXIS 99462, at *8 (N.D. Fla. Dec. 9, 2008).  In addition, the Portal to Portal Act, 29 U.S.C. § 219, relieves employers from liability under the FLSA when an employer relies in good faith upon an opinion of the law provided in writing by the Administrator of the Wage and Hour Division of the Department of Labor.  Morrison v. Executive Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1321 (S.D. Fla. 2005).  To succeed on this claim, the

defendant most prove that the act or omission complained of was: "(1) in good faith; (2) in conformity with; and (3) in reliance on an administrative regulation, order, ruling, approval or interpretation of an agency of the United States." Olson v. Superior Pontiac-GMC, Inc., 765 F.2d 1570, 1579 (11th Cir. 1985).

In the present case, it is not entirely apparent whether Defendants are attempting to assert the good faith defense of the Portal to Portal Act.  Defendants' Fourth Affirmative Defense appears to be missing the elements of taking action based in conformity with and in reliance upon agency action.  Thus, the Court will grant Defendants an opportunity to adequately plead a legally cognizable defense.  *See Morrison*, 434 F. Supp. 2d at 1321 (granting defendants an opportunity to replead its defense where it was unclear whether they were pleading the good faith defense of the Portal to Portal Act).  The motion to strike the Fourth Affirmative Defense is granted, with leave to amend.

### F. Fifth Affirmative Defense

As its Fifth Affirmative Defense, Defendants state:

Plaintiffs' claims are barred because Plaintiffs were not individually engaged in interstate commerce.

Answer, ¶ 387.  Plaintiffs contend that this affirmative defense should be stricken because it simply denies the allegations that are contained in Plaintiffs' Complaint.  In response, Defendants assert again that the affirmative defense is not simply a denial of the allegations in that it gives "fair notice" as to what they intend to prove, and the allegations meet the general pleading requirements of Rule 8(a).

As discussed previously, an affirmative defense states that even if all of the plaintiff's allegations are true, the defendant should still not be found liable. *Curry*, 2008 U.S. Dist. LEXIS 99462, at *13. Plaintiffs specifically alleged in their Complaint that Defendants C&C and MSG affected interstate commerce through their business activities. Compl., ¶¶ 12, and 14. Plaintiffs further alleged that they were "engaged in interstate commerce" for Defendants C&C and MSG at all times material to the cause of action. Compl., ¶¶ 8, 10; *See* 29 U.S.C. § 203(s)(1)(A)(I).[1] Defendants' affirmative defense that Plaintiffs were not engaged in commerce is therefore a denial of the allegations asserted in Plaintiffs' Complaint. A defense that merely challenges an element of a plaintiff's prima facie case is not an affirmative defense. In re Rawson Food Serv., 846 F.2d at 1349. The Court therefore grants Plaintiffs' motion to strike Defendants' Fifth Affirmative Defense, though the Court will treat the assertion as a denial.

## G.  Defendants' Wherefore Clause

At the conclusion of Defendants' Answer and Affirmative Defenses to Complaint, Defendants "pray that this Honorable Court dismiss with prejudice Plaintiff's claim in full, tax costs against the Plaintiffs and in favor of Defendants, and reserve jurisdiction to consider a timely filed motion for attorney's fees." Answer, p. 27. In their Motion to Strike Affirmative Defenses, Plaintiffs move to strike this request for attorney's fees. Plaintiffs argue that no authority specifically provides for attorney's fees to prevailing

---

[1] Under the FLSA, an "enterprise engaged in commerce or in the production of goods for commerce" means an enterprise that "has employees engaged in commerce or in the production of goods for commerce."

7

Defendants in FLSA cases. In their response, Defendants assert that Plaintiffs have misconstrued the clause, and that Defendants' prayer for the Court to reserve jurisdiction after a dismissal merely puts Plaintiffs on notice that Defendants intend to seek attorney's fees under the proper circumstances. Defendants specifically reference the court's inherent power to assess attorney's fees as a fine where a losing party has acted in bad faith, vexatiously, wantonly, or for oppressive purposes. Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1543 (11th Cir. 1985).

Although the FLSA only provides for the award of attorney's fees to prevailing plaintiffs, courts do have the inherent power to assess attorney's fees when the losing party has acted for any bad faith, vexatious, wanton, or oppressive purpose. Id. Apparently, Defendants are only requesting that the Court reserve jurisdiction to consider a timely filed motion for attorney's fees should any of the foregoing improper purposes arise during the litigation. While the Court is confident that Plaintiffs would not pursue this litigation for any such purpose, it would not be prejudicial to any party for the Court to reserve jurisdiction to hear such a motion should the circumstances require. Accordingly, the Court reserves jurisdiction on this matter, and denies the motion to strike the Wherefore Clause.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion to Strike Defendants' Affirmative Defenses [DE 14] is hereby **GRANTED in part** as to defenses one, four, and five;

2. Plaintiffs' Motion to Strike Defendants' Affirmative Defenses [DE 14] is hereby **DENIED as moot** as to defenses two and three, and **DENIED** as to Defendant's Wherefore Clause;

3. Defendants' affirmative defenses one, three, four and five are hereby **STRICKEN**, though the Court will treat defenses one and five as denials of the Complaint;

4. Defendants shall have leave to amend defenses three and four, and shall file such amendments no later than August 20, 2009.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 10th day of August, 2009.

_____
JAMES I. COHN
United States District Judge

copies to:

counsel of record on CM/ECF