## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 09-CV-60861-COHN/STRAUSS

**MARIO ZERON**, *et al.*,

      Plaintiffs,

v.

**C & C DRYWALL CORPORATION, INC.**, *et al.*,

      Defendants.

_____/

### REPORT AND RECOMMENDATION[1]

THIS MATTER came before the Court upon Judgment Creditor's Amended Motion for Charging Order [DE 115] ("Motion"). I have reviewed the Motion, Defendant Parello's Response to Judgment Creditor's Amended Motion for Charging Order [DE 117] ("Response"), and all other pertinent portions of the record in this case. No reply has been filed, and the time to file a reply has passed. For the reasons discussed herein, I respectfully **RECOMMEND** that the Motion be **GRANTED IN PART and DENIED IN PART**.

### DISCUSSION

On February 26, 2010, this Court entered a Default Final Judgment [DE 67]. Thereunder, Plaintiffs/Judgment Creditors, Mario Zeron, Miguel Zeron, Luis Machado, Jesus Sanchez, and Edwin Eldovin Cruz Guzman (hereinafter collectively referred to as "Plaintiffs" or "Judgment Creditors") were awarded a total of $87,216, plus interest at the rate of 0.36% per annum, against

---

[1] This case has been referred to me for appropriate disposition, evidentiary hearing, and/or report and recommendation of all post-judgment matters [DE 116].

Defendants, including Mark J. Parello ("Parello").[2]  According to the Motion, the Default Final Judgment remains largely unsatisfied.  The Response does not dispute this contention.

Pursuant to the Motion, Judgment Creditors first and foremost seek a charging order against Parello's interest in U-Do-It Automotive Lift Rental, LLC (the "Company") under section 605.0503(1) of the Florida Statutes.  Second, Judgment Creditors note that Parello is the sole member of the Company.  They therefore contend that, under section 605.0503(4) of the Florida Statutes, they should be able to foreclose on Parello's entire interest in the Company if a charging order fails to satisfy the outstanding judgment.  However, the wherefore clause in the Motion does not specifically seek a foreclosure sale as to Parello's interest in the Company at this time.  Finally, the wherefore clause in the Motion seeks an award of "post-judgment collection costs and fees," though the issue of fees and costs is not addressed anywhere else in the Motion.

First, I agree with Judgment Creditors that they are entitled to the entry of a charging order against Parello's interest in the Company.  Pursuant to section 605.0503(1) of the Florida Statutes:

> On application to a court of competent jurisdiction by a judgment creditor of a member or a transferee, the court may enter a charging order against the transferable interest of the member or transferee for payment of the unsatisfied amount of the judgment with interest. Except as provided in subsection (5), a charging order constitutes a lien upon a judgment debtor's transferable interest and requires the limited liability company to pay over to the judgment creditor a distribution that would otherwise be paid to the judgment debtor.

§ 605.0503(1), Fla. Stat.  In this vein, Florida courts have recognized that section 605.0503 "authorizes the court to enter a charging order against a judgment debtor's transferrable interest and requires an LLC to pay over to the judgment creditor any distribution that would otherwise be paid to the judgment debtor." *Kostoglou v. Fortuna*, 290 So. 3d 924, 925 (Fla. 4th DCA 2020)

---

[2] The Motion indicates that it is being brought by the five aforementioned Judgment Creditors and Juan Ramon Diaz Membreno.  However, Mr. Membreno was not awarded any amount under the Default Final Judgment, and therefore is not included within the defined Judgment Creditors.

(citing *Pansky v. Barry S. Franklin & Assocs., P.A.*, 264 So. 3d 961, 962 (Fla. 4th DCA 2019)). In his Response, Parello does not expressly dispute Judgment Creditors' entitlement to a charging order.[3]  At any rate, I find that the plain language of section 605.0503(1) authorizes this Court to issue a charging order.

Second, to the extent the Motion seeks to foreclose on Parello's interest in the Company at this time (which is unclear from the Motion), Parello correctly contends that the Motion fails to establish present entitlement to such relief.  Ordinarily, "a charging order is the sole and exclusive remedy by which a judgment creditor of a member or member's transferee may satisfy a judgment from the judgment debtor's interest in a limited liability company or rights to distributions from the limited liability company."  § 605.0503(3), Fla. Stat.  An additional remedy, however, may be available in the context of a single-member limited liability company.  *See* § 605.0503(4), Fla. Stat.; *Pansky*, 264 So. 3d at 962.  Specifically,

> In the case of a limited liability company that has only one member, if a judgment creditor of a member or member's transferee establishes to the satisfaction of a court of competent jurisdiction that distributions under a charging order will not satisfy the judgment within a reasonable time, a charging order is not the sole and exclusive remedy by which the judgment creditor may satisfy the judgment against a judgment debtor who is the sole member of a limited liability company or the transferee of the sole member, and upon such showing, the court may order the sale of that interest in the limited liability company pursuant to a foreclosure sale. A judgment creditor may make a showing to the court that distributions under a charging order will not satisfy the judgment within a reasonable time at any time after the entry of the judgment and may do so at the same time that the judgment creditor applies for the entry of a charging order.

§ 605.0503(4), Fla. Stat.  However, as Parello correctly asserts in the Response, Judgment Creditors have not shown, or even attempted to show, "that distributions under a charging order

---

[3] Parello does claim at the conclusion of his Response that the Court should "determine which Plaintiffs have agreed to seek a charging order[.]" However, he has failed to provide a legal basis for such relief, and such relief has not affirmatively been sought in any motion.

will not satisfy the judgment within a reasonable time."  Therefore, no relief under § 605.0503(4) is warranted at this time.

Finally, Judgment Creditors' passing request for fees and costs at the conclusion of the Motion should be denied without prejudice.  The Motion does not provide any basis – statutory, contractual, or otherwise – for an award of attorneys' fees or costs, and it does not seek an award of any specific fees or costs.

## **CONCLUSION**

For the reasons discussed above, I respectfully **RECOMMEND** that the District Court enter an Order providing as follows:

1.      The Motion [DE 115] is **GRANTED IN PART and DENIED IN PART**.

2.      The Court hereby enters a charging order against the transferable interest of Mark J. Parello ("Parello") in U-Do-It Automotive Lift Rental, LLC (the "Company") for payment of the unsatisfied amount of the Default Final Judgment [DE 67] with interest.  This charging order constitutes a lien upon Parello's transferable interest in the Company.  The Company shall pay over to Plaintiffs/Judgment Creditors, Mario Zeron, Miguel Zeron, Luis Machado, Jesus Sanchez, and Edwin Eldovin Cruz Guzman, any distributions that would otherwise be paid to Parello (until the Default Final Judgment is satisfied).

3.      Except as set forth in paragraph 2 above, the Motion is denied without prejudice.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable James I. Cohn, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this

Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

  **DONE AND SUBMITTED** in Fort Lauderdale, Florida this 22nd day of August 2022.

            **Jared M. Strauss**
            **United States Magistrate Judge**